1
2
3
4
5
6
7
8
9
10

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

11

| | |
|---|---|
| GUITA BAHRAMIPOUR, AUSTIN HEBERGER, JR., and JANELLA HAIRSTON, individually, and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>CITIGROUP GLOBAL MARKETS INC., formerly known as SALOMON SMITH BARNEY, INC.,<br><br>    Defendant.<br>_____<br>LARRY A. LaVOICE, DONITA A. WILLIAMS, KENNETH W. GLICK, LEWIS SHAPIRO, and FRANCIS P. HEATH, MARK BRAHNEY, TERRY FOX, KEITH GILLMAN, STEVEN KOLODNER, ANGELO MASSARO, RONALD ROSENZWEIG, ROBERT SCRABIS, and JOSEPH BLOOD, individually, and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br>vs.<br><br>CITIGROUP GLOBAL MARKETS INC., formerly known as SALOMON SMITH BARNEY, INC.<br><br>    Defendant. | Case No. C 04-04440 CW<br>Case No. C 07-801 CW<br><br>**STIPULATION AND [PROPOSED] ORDER APPOINTING THE HON. CHARLES A. LEGGE (RET.) AS SPECIAL MASTER**<br><br>[Fed. R. Civ. P. 53(b)]<br><br>Date: March 2, 2007<br>Time: 10:00 a.m.<br>Ctrm: 2<br><br>Hon. Claudia Wilken |

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1  Plaintiffs Austin Heberger, Jr., Janella Hairston, Larry A. LaVoice, Donita A. Williams,
2  Kenneth W. Glick, Lewis Shapiro, Francis P. Heath, Mark Brahney, Terry Fox, Keith Gillman,
3  Steven Kolodner, Angelo Massaro, Ronald Rosenzweig, Robert Scrabis, and Joseph Blood (the
4  "Settling Plaintiffs") and defendant Smith Barney, a Division of Citigroup Global Markets Inc.,
5  ("CGMI") hereby stipulate as follows:

6  WHEREAS, the Settling Plaintiffs and CGMI have entered into a proposed classwide
7  settlement, which is memorialized in the "Joint Stipulation of Class Action Settlement and
8  Release" ("Stipulation" or "Settlement") filed with the Court;

9  WHEREAS, the Stipulation provides for the payment of up to $98 million (plus accrued
10 interest) in full and final settlement of the above-captioned actions;

11 WHEREAS, there are in excess of 50 separate jurisdictions covered by the Settlement,
12 and some of these jurisdictions have laws that are more favorable to employees than other
13 jurisdictions;

14 WHEREAS, the parties believe that it would be in the best interests of the class to have a
15 judicial officer conduct an independent review of the allocation of Settlement proceeds before the
16 class notice is mailed;

17 WHEREAS, because of the sheer number of statutes, regulations, and reported cases that
18 are involved, it may be difficult for a District Judge or a Magistrate Judge to review the allocation
19 of Settlement proceeds effectively and timely (Fed. R. Civ. P. 53(a)(1)(C));

20 WHEREAS, in any event, the parties consent to appointment of a Special Master to
21 review and make independent recommendations regarding allocation of Settlement proceeds
22 (Fed. R. Civ. P. 53(a)(1)(A));

23 WHEREAS, the parties believe that the Hon. Charles A. Legge (Ret.) is well-suited to
24 serve as Master;

25 WHEREAS, the parties have requested that Judge Legge file, on or before February 15,
26 2007, an affidavit disclosing any ground for disqualification under 28 U.S.C. § 455;

27 ///
28 ///

WHEREAS, the parties are unaware of any relationship of the parties, counsel, action, or court that would require disqualification of Judge Legge under 28 U.S.C. § 455, and in any event, the parties consent to his appointment regardless of any ground for disqualification;

NOW THEREFORE, subject to the Court's approval of this stipulation, the parties hereby agree as follows:

1. The parties respectfully request that the Court appoint the Hon. Charles A. Legge (Ret.) as Master for the following purposes:

   A. To review and make an independent determination concerning the fairness of the allocation of Settlement proceeds in light of the applicable law in the jurisdictions covered by the Settlement and any other factors deemed appropriate by the Master, and to make a written recommendation to the Court regarding the allocation prior to the mailing of the class notice (provided, however, that the Master's recommendation shall in no way contradict the terms of the Stipulation); and

   B. After the class notice is mailed, to review and/or hear any objections with respect to the allocation of Settlement proceeds and to make a written recommendation to the Court regarding those objections in advance of the final approval hearing.

2. The Master's factual findings will be reviewed for clear error. The Master's legal conclusions will be reviewed de novo. The Master's rulings on procedural matters may be set aside only for an abuse of discretion.

3. The Master's costs and fees shall be paid from the Gross Settlement Value as provided in the Stipulation; except that, if the Settlement is not finally approved, the Master's costs and fees shall be borne equally by Plaintiffs on the one hand and CGMI on the other.

IT IS SO STIPULATED.

Dated: February 16, 2007                    DOSTART CLAPP GORDON & COVENEY, LLP

_____/S/_____
James F. Clapp
Co-Lead Class Counsel

Dated: February 16, 2007                O'MELVENY & MYERS LLP

_____/S/_____
CHRIS A. HOLLINGER
Attorney for Defendant

## ORDER

Pursuant to Fed. R. Civ. P. 53(b), the Court finds and orders as follows:

1. All parties have had notice and an opportunity to be heard concerning the appointment of a Master.

2. The Court hereby appoints the Hon. Charles A. Legge (Ret.) as Master for the following purposes:

    A. To review and make an independent determination concerning the fairness of the allocation of Settlement proceeds in light of the applicable law in the jurisdictions covered by the Settlement and any other factors deemed appropriate by the Master, and to make a written recommendation to the Court regarding the allocation prior to the mailing of the class notice (provided, however, that the Master's recommendation shall in no way contradict the terms of the Stipulation; and

    B. After the class notice is mailed, to review and/or hear any objections with respect to the allocation of Settlement proceeds and to make a written recommendation to the Court regarding those objections in advance of the final approval hearing.

3. The Master shall not communicate ex parte with the Court or with a party.

4. The Master shall preserve all pleadings and other documents submitted to him and shall record (via court reporter) all proceedings before him.

5. The Master shall issue the recommendations referred to in paragraphs 2A and 2B above as soon as practicable. The Master's factual findings will be reviewed for clear error. The Master's legal conclusions will be reviewed de novo. The Master's rulings on procedural matters may be set aside only for an abuse of discretion.

///

///

1  6. The Master's costs and fees shall be paid from the Gross Settlement Value as
2  provided in the Stipulation; except that, if the Settlement is not finally approved, the Master's
3  costs and fees shall be borne equally by Plaintiffs on the one hand and CGMI on the other.
4  7. The Master shall proceed with all reasonable diligence.

IT IS SO ORDERED.

Dated: 2/21/07        _____
                     HON. CLAUDIA WILKEN
                     United States District Court Judge