1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUITA BAHRAMIPOUR, AUSTIN HEBERGER, JR., and JANELLA HAIRSTON, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>CITIGROUP GLOBAL MARKETS INC., formerly known as SALOMON SMITH BARNEY, INC.,<br><br>Defendant.<br>_____<br>LARRY A. LaVOICE, DONITA A. WILLIAMS, KENNETH W. GLICK, LEWIS SHAPIRO, and FRANCIS P. HEATH, MARK BRAHNEY, TERRY FOX, KEITH GILLMAN, STEVEN KOLODNER, ANGELO MASSARO, RONALD ROSENZWEIG, ROBERT SCRABIS, and JOSEPH BLOOD, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>CITIGROUP GLOBAL MARKETS INC., formerly known as SALOMON SMITH BARNEY, INC.<br><br>Defendant. | Case No. C 04-04440 CW<br>Case No. C 07-801 CW<br><br>**REVISED STIPULATION AND ORDER: (1) ADOPTING SUPPLEMENTAL REPORT OF SPECIAL MASTER; (2) APPROVING CLASS NOTICE; AND (3) SETTING DEADLINES**<br><br>Hon. Claudia Wilken |

The Class Representatives, Austin Heberger, Jr., Janella Hairston, Larry A. LaVoice, Donita A. Williams, Kenneth W. Glick, Lewis Shapiro, Francis P. Heath, Mark Brahney, Terry Fox, Keith Gillman, Steven Kolodner, Angelo Massaro, Ronald Rosenzweig, Robert Scrabis, and Joseph Blood (collectively the "Class Representatives"), by and through Co-Lead Class Counsel, Dostart Clapp Gordon & Coveney, LLP and Wolf Haldenstein Adler Freeman & Herz LLP, and defendant Smith Barney, a division of Citigroup Global Markets Inc., ("CGMI"), by and through its attorneys O'Melveny & Myers LLP, hereby stipulate as follows:

## RECITALS

A.   On February 16, 2007, the Class Representatives and CGMI entered into a proposed class action settlement ("Settlement"), the terms of which are contained in the Joint Stipulation of Class Action Settlement and Release ("Stipulation"), filed in Case No. 04-4440 as Docket No. 52. On March 2, 2007, the Court entered an order preliminarily approving the Settlement. See Docket No. 63.

B.   In accordance with Section VII.C of the Stipulation, on April 11, 2007, the parties participated in a hearing before the Court-appointed Special Master, the Hon. Charles A. Legge (Ret.). The purpose of the hearing was for the Special Master to recommend an allocation of the Settlement proceeds between the states and territories covered by the Settlement. On April 26, 2007, the Special Master issued the "Report, Findings and Recommendations of the Special Master" ("Report"), which set forth his proposed allocation. See Docket No. 70. On May 7, 2007, plaintiffs moved the Court to adopt the Report, and on May 11, 2007, the Court granted plaintiffs' motion. See Docket No. 78. The Court's May 11, 2007 order also approved the form of class notice, which incorporated the Special Master's proposed allocation, and set deadlines for mailing the notice and carrying out the other terms of the Settlement.

C.   As set forth in the Report, the Special Master's proposed allocation was based, in part, on information concerning the number of months worked by the class members during the applicable federal and state limitations periods. Some of this work-month information had been prepared by CGMI's outside consultant based on CGMI's payroll and human resources records, and then provided to Co-Lead Class Counsel. On May 21, 2007, CGMI's counsel advised Co-

2

REVISED STIPULATION AND [PROPOSED] ORDER: (1) ADOPTING SUPPLEMENTAL REPORT OF SPECIAL   C 04-4440, C 07-801
MASTER; (2) APPROVING CLASS NOTICE; AND (3) SETTING DEADLINES

Lead Class Counsel that the work-month information undergirding the proposed allocation was incorrect due to a mathematical error by CGMI's consultant. In fact, the class members worked more months during the applicable limitations periods than Co-Lead Class Counsel had previously been advised.

D.   Following several weeks of discussions, on June 22, 2007, the parties entered into the "Addendum to Joint Stipulation of Class Action Settlement and Release," Docket No. 80 ("Addendum"). The Addendum provided, inter alia, that the interest rate on the settlement fund would be increased by two percentage points and that the settlement fund would become entirely non-reversionary: i.e., no portion of the settlement fund would revert to the defendant.

E.   On July 2, 2007, the Court preliminarily approved the Addendum. See Docket No. 81. In that same order, the Court directed the parties to consult with the Special Master to determine whether the allocation formula set forth in the Report should remain in effect in light of the corrected work-month data. Id. at page 7, lines 7-12. Upon completing these consultations with the Special Master, the parties were to submit a revised class notice and schedule to the Court. Id. at 7, lines 13-15.

F.   The parties conferred with the Special Master on July 18 and again on August 13, 2007. On August 15, 2007, the Special Master issued the "Supplemental Report, Findings and Recommendations of the Special Master," Docket No. 84 ("Supplemental Report"). In the Supplemental Report, the Special Master found that, despite the increased number of work-months, the allocation formula set forth in the April 26, 2007 Report (Docket No. 70) remained fair, reasonable and adequate. See Supplemental Report, page 4, lines 2-4.

TERMS OF STIPULATION

NOW THEREFORE, the parties hereby stipulate as follows:

1.   Pursuant to Fed. R. Civ. P. 53(g), plaintiffs request that the Court adopt the Supplemental Report in its entirety. CGMI does not oppose this request.

2.   Attached hereto as Exhibit 1 is a revised "Notice of Class Action Settlement" ("Notice"), which sets forth the expected recovery amounts in light of the corrected work-month data. The parties agree to the form of the Notice and jointly request that the Court approve the

3

Notice and authorize Rust Consulting, the appointed claims administrator, to mail it pursuant to the terms of the Stipulation.

    3.    The parties jointly request that the Court set the following schedule for carrying out the Settlement:

| Date | Action |
|---|---|
| September 7, 2007 | The Claims Administrator, Rust Consulting, shall mail the Notice, Claim Form, and Request for Exclusion, and arrange for publication of the Notice, as provided in Section VIII(C) of the Stipulation. |
| September 14, 2007 | The Claims Administrator, Rust Consulting, shall mail the supplemental Class Action Fairness Act notice as described in Section VIII(A) of the Stipulation. |
| November 6, 2007 | Last day for class members to file and serve objections to Settlement, or to postmark their Claim Forms or Requests for Exclusion from the Settlement. |
| November 13, 2007, 5:00 p.m. | Hearing before the Special Master, the Hon. Charles A. Legge (Ret.), to consider any objections to the allocation of Settlement proceeds. The hearing will take place at JAMS, Two Embarcadero Center, Ste. 1500, San Francisco, CA 94111. |
| December 6, 2007 | Last day for the Class Representatives to file their motions for final approval of the Settlement and for awards of attorney's fees, costs, and plaintiff enhancements. |
| January 10, 2008, 2:00 p.m. | Final approval hearing. |

IT IS SO STIPULATED.

Dated: August __, 2007              DOSTART CLAPP GORDON & COVENEY, LLP

_____/S/_____
JAMES F. CLAPP
Co-Lead Class Counsel

4

| | | |
|---|---|---|
| 1 | Dated: August 28, 2007 | WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP |
| 2 | | |
| 3 | | _____/S/_____<br>JEFFREY G. SMITH |
| 4 | | Co-Lead Class Counsel |
| 5 | Dated: August 28, 2007 | O'MELVENY & MYERS LLP |

_____/S/_____
FRAMROZE M. VIRJEE
CHRIS A. HOLLINGER
Attorneys for Defendant

## ORDER

After reviewing the Supplemental Report and the foregoing stipulation, and in light of the Court's prior rulings granting preliminary approval of both the Settlement and the Addendum, the Court finds and orders as follows:

1. The Court has reviewed the Special Master's factual findings for clear error and his legal conclusions de novo. Pursuant to Fed. R. Civ. P. 53(g), the Court adopts and affirms the Supplemental Report in its entirety.

2. The Court approves the Notice attached hereto as Exhibit 1.

3. The Court approves the schedule set forth in paragraph 3 above and orders the parties to carry out the Settlement as provided in that schedule.

IT IS SO ORDERED.

Dated: 9/5/07

_____
HON. CLAUDIA WILKEN
United States District Court Judge