# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| GUITA BAHRAMIPOUR, AUSTIN HEBERGER, JR., and JANELLA HAIRSTON, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>CITIGROUP GLOBAL MARKETS INC., formerly known as SALOMON SMITH BARNEY, INC.,<br><br>Defendant. | Case No. C 04-04440 CW<br>Case No. C 07-801 CW<br><br>**ORDER (1) GRANTING THE CLASS REPRESENTATIVES' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT; (2) GRANTING CLASS COUNSEL'S MOTION FOR ATTORNEY'S FEES AND LITIGATION EXPENSES; AND (3) GRANTING IN PART CLASS COUNSEL'S MOTION FOR PLAINTIFF ENHANCEMENTS**<br><br>Date: March 13, 2008<br>Time: 2:00 p.m.<br>Ctrm: 2, 4th Floor<br><br>Hon. Claudia Wilken |
| LARRY A. LaVOICE, DONITA A. WILLIAMS, KENNETH W. GLICK, LEWIS SHAPIRO, and FRANCIS P. HEATH, MARK BRAHNEY, TERRY FOX, KEITH GILLMAN, STEVEN KOLODNER, ANGELO MASSARO, RONALD ROSENZWEIG, ROBERT SCRABIS, and JOSEPH BLOOD, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>CITIGROUP GLOBAL MARKETS INC., formerly known as SALOMON SMITH BARNEY, INC.<br><br>Defendant. | |

On March 13, 2008, the Court heard the following motions: (1) the Class Representatives' motion for final approval of the class action settlement, Docket No. 101 in Case No. 04-4440; and (2) Class Counsel's motion for an award of attorney's fees, litigation expenses, and plaintiff enhancements, Docket No. 102.[1] The Court finds and orders as follows:

1. For the purposes of this Order, the Court adopts all defined terms as set forth in the "Joint Stipulation of Class Action Settlement and Release" ("Stipulation" or "Settlement"), Docket No. 52.

2. This Court has jurisdiction over the subject matter of this litigation and over all parties and Class Members in this litigation.

3. The Court finds, for purposes of settlement only, that the Class meets the requirements for certification under Fed. R. Civ. P. 23(a) and 23(b)(3) in that: (1) the Class, which consists of 17,674 members, is so numerous that joinder is impracticable; (2) there are questions of law and fact that are common to all Class Members, which questions predominate over individual issues; (3) the Class Representatives' claims are typical of the claims of the Class Members; (4) Class Counsel have fairly and adequately protected the interests of the Class; and (5) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4. The Court finds that the distribution of the "Notice of Class Action Settlement" and the publication of the summary notice in the <u>Wall Street Journal</u>, as described in the Declaration of Caryn Donly, Docket No. 113, constituted the best notice practicable under the circumstances and fully met the requirements of due process.

5. The Court finds that the Settlement is fair, reasonable, and in the best interests of the Class, and hereby grants final approval of the Settlement. The Court finds that the Settlement was the product of protracted, arm's length negotiations between experienced counsel, facilitated by two respected mediators. Furthermore, as discussed below, the Court has carefully weighed the factors outlined in <u>Hanlon v. Chrysler Corp.</u>, 150 F.3d 1011, 1026 (9th Cir. 1998). The parties are ordered to carry out the Settlement as provided in the Stipulation.

---

[1] All docket references in this Order are to the <u>Bahramipour</u> docket, Case No. 04-4440 CW.

2

1         A.    <u>Strength of the Plaintiffs' Case.</u>  On November 27, 2006, the U.S. Department of Labor issued an opinion letter holding that stockbrokers are exempt under the Fair Labor Standards Act.  Subsequently, two district courts have followed the reasoning of that opinion letter: <u>Hein v. PNC Financial Services Group, Inc.</u>, 511 F. Supp. 2d 563, 575 (E.D. Pa. 2007) and <u>Pontius v. Delta Financial Corp.</u>, 2007 U.S. Dist. LEXIS 50980, *20-22 (W.D. Pa. March 20, 2007) *adopted at* 2007 U.S. Dist. LEXIS 34393 (W.D. Pa. May 9, 2007).  Although the opinion letter is not dispositive of the issues before the Court, it does present a risk to the plaintiffs.  Furthermore, plaintiffs' wage deduction claims are uncertain.  In <u>Steinhebel v. Los Angeles Times Communications</u>, 126 Cal.App.4th 696 (2005), <u>Koehl v. Verio</u>, 142 Cal.App.4th 1313 (2006), and <u>Prachasaisoradej v. Ralphs Grocery</u>, 42 Cal.4th 217 (2007), California courts have held that, in certain cases, an employer may lawfully deduct certain business costs from its employees' compensation formula.  In other jurisdictions, there is very little case law regarding the legality of wage deductions, as the Special Master found.  <u>See</u> Docket No. 70 at page 5:9-10.  The uncertainty of the plaintiffs' claims weighs in favor of approving the Settlement.

        B.    <u>The Risk, Expense, Complexity, and Likely Duration of Further Litigation.</u>  The consolidated cases involve a class of 17,674 class members and the laws of 54 separate jurisdictions.  If the cases had not settled, the litigation would have been risky, expensive, complex, and time-consuming for both sides.  This factor weighs in favor of approval.

        C.    <u>The Risk of Maintaining Class Action Status Throughout the Trial.</u>  If the litigation had proceeded to a contested class certification motion, the defendant would have argued that class certification should be denied because: (1) the Class Members' duties varied from individual to individual; and (2) the legality of the wage deductions must be examined on a transaction-by-transaction basis.  The Court finds that the risk of maintaining class action status throughout the trial weighs in favor of approving the Settlement.

        D.    <u>The Amount Offered in Settlement.</u>  Class Counsel estimates that the Settlement represents approximately 25-28% of defendant's exposure.  <u>See</u> Declaration of James F. Clapp, Docket No. 103, para. 10.  The Court finds that this amount is reasonable given the risk factors discussed above.  According, this factor weighs in favor of approving the Settlement.

3

E.  The Extent of Discovery Completed and the Stage of the Proceedings. Class Counsel has represented that, before entering into settlement negotiations, the parties exchanged initial disclosures, written discovery, and conducted extensive informal investigation, including interviews with more than 100 class members.  In addition, defendant provided Class Counsel with work month, compensation, and expense deduction data from which Class Counsel were able to calculate defendant's potential exposure.  See Clapp declaration, Docket No. 103, para. 12.  The Court finds that Class Counsel was sufficiently familiar with the facts of the case to negotiate a fair settlement.  This factor weighs in favor of approval.

E.  The Experience and View of Class Counsel.  Class Counsel support the Settlement.  The Court finds that Class Counsel are very experienced in wage and hour class actions of this type.  This factor weighs in favor of approval.

F.  The Presence of a Governmental Participant. There is no governmental participant in this case.

G.  The Reaction of the Class to the Settlement.  Out of 17,674 members, a total of 12,426, or more than 70% of the Class, have filed claims.  Only 43 Class Members (0.24% of the Class) have opted-out of the Settlement, and only 25 Class Members (less than 0.15% of the Class), have filed or joined in an objection to the Settlement.  The Court finds that the Class views this Settlement favorably, which weighs in favor of approval.

6. The Court finds that there were sixteen (16) written objections to the Settlement (some of which were joined in by multiple Class Members).  The objections are attached as Exhibits 5-A through 5-P to the Clapp declaration, Docket No. 103.

A.  Twelve (12) of those objections – those submitted by Messrs. J. Barnes, R. Barnes, Bower, Brown, Calkins, Konop, Monday, Peterson, Rearden, Stevenson, Thomas, and Weisman – challenge the Special Master's formula for allocating the proceeds of the Settlement. In his "Post-Hearing Report, Findings and Recommendations of the Special Master" ("Post-Hearing Report"), Docket No. 96, the Special Master recommended that each of those objections be overruled. The Court has reviewed the Special Master's factual findings for clear error and his legal conclusions de novo.  The Court finds that the Special Master's formula for allocating

4

Settlement proceeds is fair, reasonable, and equitable. Pursuant to Fed. R. Civ. P. 53(g), the Court adopts the Post-Hearing Report in its entirety and overrules the 12 objections.

        B.      Named Plaintiff Guita Bahramipour, who is a former employee of defendant, objected to the Settlement on the ground that the Settlement unfairly favors those Class Members who are former employees over those who are current employees. According to Ms. Bahramipour, defendant allegedly reduced its 2007 compensation plan to pay for the Settlement, and those reductions had a negative financial impact on current employees. In support of her allegation, Ms. Bahramipour offers the "Declaration of Named Plaintiff Guita Bahramipour in Support of Objection to Final Approval of Settlement," filed as Docket No. 92-2. In response to her objection, defendant offers the "Declaration of Douglas Campbell, Jr. in Support of Defendant's Response to Certain Objections Filed by Putative Members of the Settlement Class," Docket No. 99. In his declaration, Mr. Campbell denies that defendant reduced its 2007 compensation plan to fund the Settlement; in fact, according to Mr. Campbell, the changes in the 2007 compensation actually cost defendant over fifteen million dollars ($15,000,000.00), which inured to the benefit of Class Members who are current employees. Id. at paras. 12-16. After carefully considering the declarations of Ms. Bahramipour and Mr. Campbell, the Court finds that: (1) Mr. Campbell's testimony has foundation and is more credible than Ms. Bahramipour's testimony; and (2) the Settlement does not unfairly favor Class Members who are former employees over those who are current employees. In addition, at the hearing, Ms. Bahramipour's counsel argued that the Court should disapprove the Settlement so that a higher settlement amount could be negotiated – i.e., one that would reimburse the current employees for the amounts they allegedly lost under the 2007 compensation plan. In response, Class Counsel argued that this Settlement was the highest settlement amount that could have been achieved under the circumstances of this case. The Court agrees with Class Counsel and finds that it is unlikely that, if the Settlement were disapproved, a higher or better settlement could be negotiated. Accordingly, Ms. Bahramipour's objection is overruled.

        C.      There were five (5) other objections – filed by Messrs. Bartos, Calkins, Kennedy, Knee, and Peterson – that challenged other aspects of the Settlement. The Court has

thoroughly considered the objections and finds that none of them has merit. Accordingly, those five objections are overruled.

7. Concurrently with their motion for final approval of the Settlement, Class Counsel have jointly moved for an award of attorney's fees in the amount of $24,500,000.00, which represents approximately 23% of the settlement fund (including interest that has accrued since the preliminary approval date), plus litigation expenses in the amount of $100,000.00. That motion is granted. The Court finds that Class Counsel have skillfully advanced novel and untested legal theories on a contingent-fee basis over more than three and one-half (3 ½) years, and their efforts have resulted in a substantial payment to the Class. The Court has carefully considered the results Class Counsel have achieved, the risk of litigation, the skill required and the quality of the work, the contingent nature of the fee and the financial burden carried by Class Counsel, and awards made in similar cases. See Vizcaino v. Microsoft Corp., 290 F.3d 1043, 1048-50 (9th Cir. 2002). Additionally, the Court notes that the "benchmark" fee in the Ninth Circuit is 25% (see Paul, Johnson, Alston & Hunt v. Graulty, 886 F.2d 268, 272 (9th Cir. 1989)), and here the award is less than the benchmark. The Court further finds that Class Counsel's expenses were reasonably incurred in prosecuting this case. All objections to the requested attorney's fees and litigation expenses are overruled.

8. Class Counsel have also requested that the Court award enhancement payments to the 15 Class Representatives. After considering the services the Class Representatives performed on behalf of the Class and the risks they undertook in bringing the litigation, the Court hereby awards the 15 Class Representatives enhancement payments in the amount of $20,000 each.

9. The Court will retain jurisdiction for purposes of enforcing this Settlement, addressing settlement administration matters, and addressing such post-judgment matters as may be appropriate under court rules or applicable law.

IT IS SO ORDERED.

Dated: 3/18/08

_____
HON. CLAUDIA WILKEN
United States District Judge